**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAHEEL AHMAD KHAN, individually and on behalf of others similarly situated, : : : Plaintiff, : : v. : : DELL INC., : : Defendant. : : | Civil Action No. 09-3703 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court upon Plaintiff Raheel Ahmad Khan's ("Plaintiff" or "Khan") Motion to Vacate the Court's November 30, 2012 Oral Order denying Plaintiff discovery on certain issues. (Pl.'s Mot., ECF No. 59.) Defendant Dell Inc. ("Defendant" or "Dell") filed Opposition. (ECF No. 63.) Plaintiff filed a Reply. (ECF No. 64.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For the reasons stated below, and for other good cause shown, Plaintiff's Motion to Vacate is DENIED. A briefing schedule regarding Defendant's anticipated Motion to Compel Arbitration follows.

### I. Background

#### A. Procedural History

A detailed factual background of this case is not required to adjudicate this motion. An understanding of the basic procedural history and the findings of the Third Circuit when this case was on appeal, however, is useful. Plaintiff filed his Complaint on July 24, 2009. The Complaint

alleges that Dell sold Plaintiff a defective laptop and seeks to proceed as a class. The Terms and Conditions of Sale ("Terms and Conditions") entered between Plaintiff and Dell contained an arbitration clause which named the National Arbitration Forum ("NAF") as the arbitrator. The arbitration clause also prohibited any plaintiff from joining or consolidating any claims or actions against Dell. Dell filed a Motion to Compel Arbitration in October 2009. (ECF No. 12.) The Court denied Dell's motion on August 18, 2010. (ECF Nos. 34-35.) According to the Court, the Parties agreement to utilize NAF was integral to their contract. Because NAF was no longer available, the Court held that granting Dell's Motion to Compel would force the Parties to participate in an arbitration proceeding to which they had not agreed. As such, the Court denied Dell's Motion to Compel. Dell appealed.

The Third Circuit overturned the denial of Dell's Motion to Compel based on § 5 of the Federal Arbitration Act ("FAA") and a reading of the Terms and Conditions. *See Kahn v. Dell Inc.*, 669 F.3d 350 (2012). The Circuit noted that § 5 of the FAA supplies a mechanism to appoint an arbitrator when the chosen arbitrator is not available. The Court concluded that the "Terms and Conditions specifically incorporated the FAA . . . suggesting that, in the event of NAF's unavailability, the FAA's procedures for addressing such a problem should apply." *Id*.

Most important to this case, the Circuit held that it was "at best ambiguous" whether the Parties chose to utilize NAF and NAF only. *Id*. at 356. This conclusion rejected Plaintiff's argument that the choice of NAF was integral to the Terms and Conditions and was based upon the fact that the "contract's language does not indicate the parties' unambiguous intent *not* to arbitrate their disputes if NAF is unavailable." *Id*. at 357 (emphasis added).

The Circuit concluded by stating that "[s]ection 5 of the FAA requires a court to address such unavailability by appointing a substitute arbitrator. The District Court's contrary conclusion

is at odds with the fundamental presumption in favor of arbitration." *Id.* Therefore, the Third Circuit vacated the district court's decision and remanded the matter for proceedings consistent with its Opinion, including resolution of whether the arbitration clause is unconscionable.

Following remand, the case was transferred to the undersigned. (ECF No. 47.) The Parties, at the Court's behest, submitted a Joint Status Letter on November 7, 2012. (*See* Pl.'s Br. Ex 1.) That correspondence outlined the Parties' differing positions regarding the procedural future of the case. Plaintiff sought leave to file a motion to "compel discovery concerning Dell's decision to designate NAF as the arbitral forum" because he read the "Third Circuit's majority opinion [as stating] that whether NAF was integral to the parties' arbitration agreement was ambiguous." Dell asserted that no discovery was required and that Plaintiff was misreading the Circuit's decision. The Court held an in-person status conference on November 30, 2012, to address these issues.

Following discussion of the issues raised in the Parties' correspondence, the Court decided to conduct oral argument regarding Plaintiff's request for discovery. During oral argument, Plaintiff argued in support of two requests: 1) limited discovery as to the ambiguity/integrality of the Parties' decision to choose NAF as the arbitrator; and 2) "discovery about whether the arbitration agreement is unconscionable." (Transcript 4:7-8, ECF No. 63-2.) Dell opposed on three grounds: 1) the Circuit had foreclosed the issue of integrality and the Court was bound to accept that conclusion under the Mandate Rule; 2) Plaintiff had waived any right to request discovery on remand because it had failed to raise the issue on appeal; and 3) additional briefing on the need for discovery, in addition to the discovery itself, would be a waste of judicial resources and further delay the matter.

Following oral argument, the Court denied Plaintiff's requests; Plaintiff was not permitted to file a motion seeking to compel discovery regarding the integral nature of NAF or unconscionability. The Court also held that Plaintiff could raise any arguments regarding the need for unconscionability-related discovery in his opposition to Defendant's Motion to Compel Arbitration. The Court issued a scheduling order regarding Defendant's motion shortly thereafter, on December 7, 2012. That same day, however, Plaintiff filed the instant motion.

## II.  Analysis

Plaintiff's Motion to Vacate seeks to set aside the Court's oral order denying his request for leave to file a motion to compel discovery. It seeks relief under Rule 60(b) or, alternatively, Local Civil Rule ("Local Rule") 7.1. (Pl.'s Br. 2, ECF No 59-1.) Defendant opposes the motion on grounds substantially similar to those upon which it opposed Plaintiff's requests at oral argument, but with the following additions: 1) Plaintiff's Motion to Vacate is procedurally deficient under both Rule 60(b) and Local Rule 7.1, and 2) the Court was not required to entertain a formal motion to compel discovery before denying Plaintiff's request for discovery. The Court generally agrees with Defendant's contentions; Plaintiff's Motion to Vacate is DENIED.

### A.   Plaintiff's Motion Fails to Meet the Procedural Requirements of Rule 60(b)

As correctly noted by Defendant, a motion under Rule 60(b) requires a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b); *Penn W. Assoc., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004) (holding that "Rule 60(b) applies only to final judgments and orders" and defining a final judgment/order as "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment") (citations omitted). Orders regarding discovery do not fall within the ambit of a final judgment/order. *See Torres v. Chater*, 125 F.3d 166, 168 (3d Cir.

1997) ("An example of [a non-final judgment/order is] a discovery order or similarly preliminary step in litigation being conducted in the district court."). As such, Plaintiff's motion pursuant to Rule 60(b) is DENIED.

### B. Plaintiff's Motion to Vacate Does Not Meet the Requirements of Local Rule 7.1

Reconsideration under Local Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). It should only be granted where "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (internal quotation and citation omitted). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the Court. *See Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010).

Here, Plaintiff has failed to proffer any change in law, unconsidered evidence or any persuasive argument that the Court has committed a clear error of law which requires correction.

Without wading too deeply into the rationale proffered by Plaintiff, and the counter arguments raised by Defendant, Plaintiff's main contention can be framed as thus: the Court of Appeals left open the issue of the integral nature of the Parties' selection of NAF when it stated that it "is at best ambiguous . . . whether the parties intended to have their disputes arbitrated in the event that NAF was unavailable for any reason." *Khan*, 669 F.3d at 356. This alleged "ambiguity," whether the Parties considered NAF integral to the Terms and Conditions, requires discovery in Plaintiff's opinion.

Plaintiff's contention is unpersuasive. Notably, directly following the quote Plaintiff relied upon as evidence of ambiguity, the Circuit stated that "[b]ecause of the ambiguity, it is not clear whether the designation of NAF is ancillary or is as important a consideration as the agreement to arbitrate itself. Therefore, we must resolve this ambiguity *in favor* of arbitration." *Id*. (internal citation omitted) (emphasis added). This clearly indicates the Circuit concluded that, even with some ambiguity, the presumption in favor of arbitration required a finding that NAF was not integral to the Terms and Conditions.

Moreover, the manner in which the Circuit framed the issue indicates that it understood that its task was to determine whether NAF was integral to the Terms and Conditions of the contract: "we must determine whether the provision in the Terms and Conditions that the NAF be the arbitrator is exclusive to the NAF and is an integral part of the agreement between Dell and Khan, thus preventing the appointment of a substitute arbitrator." *Id*. at 353-54. The Circuit set out with the goal of resolving the issue of integrality and did so. There is simply no other reasonable reading of the Opinion.

Finally, there is no indication in the Opinion that the Third Circuit believed that further discovery on the matter would be required. The presence of the ambiguity inferred from the text

of the Terms and Conditions itself leads to an inexorable conclusion: NAF was not integral to the contract. Ambiguity and integrality are mutually exclusive. No further discussion of the matter is required.

Regarding Plaintiff's additional arguments, the following will suffice. First, the Court was well within its discretion to deny Plaintiff's request for further discovery regarding the integrality of NAF following a letter request and oral argument. *See generally United States v. Pechiney Plastics Packaging, Inc.*, No. 09-5692 (PGS) (TJB), 2012 WL 3527721, at *4 (D.N.J. Aug. 14, 2012) ("Discovery issues like that involving the parties' current dispute over the appropriate scope of . . . [d]iscovery are often times handled informally rather than by formal motion practice . . . ."). Plaintiff's letter request, able oral argument and this motion have satisfied any due process concerns raised. Formal briefing of this matter was not required.

Second, the Court will not revisit its decision to deny Plaintiff's request for leave to file a motion to compel discovery regarding the unconscionability of the arbitration clause. Plaintiff will have ample opportunity to address this issue in its opposition to Defendant's Motion to Compel Arbitration.

Finally, the Court is not persuaded by Plaintiff's argument that allowing it to file a motion to compel discovery would somehow further judicial efficiency and speed up the resolution of an otherwise ageing case. If Plaintiff's desired course of action were adopted, the Court would be required to address an additional round of discovery related motions. Next, the Court would be confronted with a round of briefing from Defendant regarding its Motion to Compel Arbitration. This would all follow the informal letter request, oral argument, and this motion. All for a request that, as noted above, has no support in the Third Circuit's Opinion. The Court will not entertain such a course of action.

## III. Conclusion

For the reasons stated above, Plaintiff's Motion to Vacate is DENIED. Defendant shall file its Motion to Compel Arbitration by June 7, 2013. Plaintiff's Opposition will be due on June 17, 2013. Defendant's Reply, if any, shall be filed by June 24, 2013. An Order consistent with this Opinion will follow.

Dated: April 26th, 2013

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE